GUSTAVE B. GARFIELD and Another, Plaintiffs, *v.* NEW YORK TELEPHONE COMPANY and Another, Defendants.

Supreme Court, New York County, March 1, 1935.

*Garfield & Seligson,* for the plaintiffs.

*Charles T. Russell,* for the defendant New York Telephone Company.

*Paul Windels, Corporation Counsel [Earle M. Elrick* of counsel, and *Oscar S. Cox* with him on the brief], for the defendant City of New York.

COLLINS, J.  This motion for judgment on the pleadings assails the constitutionality of Local Law No. 20, 1934, known as the sales tax law, which the legislative body of the city of New York enacted pursuant to the emergency enabling act, chapter 873 of the Laws of 1934.  It is further contended by the challengers that even if the enabling act be constitutional, nevertheless, the city " exceeded its powers both as to the manner and means of adoption of the local legislation."

In response to an emergency message from the Governor, the Legislature, by a two-thirds vote, enacted the attacked law so that municipalities within the million class might " relieve the people of any such city from the hardships and suffering caused by unemployment."

Section 5 of article 12 of the State Constitution empowers the Legislature by general laws to " confer on cities such further powers of local legislation and administration as it may, from time to time, deem expedient."

Section 2 of article 12 provides: " The Legislature shall not pass any law relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect, but shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect

apply alike to all cities except on message from the governor declaring that an emergency exists and the concurrent action of two-thirds of the members of each house of the Legislature."

It has been held that " Taxation is the most delicate and highest attribute of sovereignty," and that such " legislative function " may not be delegated except that the " legislature may confer upon the municipalities or political divisions, which are through the local authorities representatives of the people and participants in the government of the state, powers of providing revenue for local governmental and public purposes." (*Gautier* v. *Ditmar*, 204 N. Y. 20, 27; *New York Steam Corp.* v. *City of New York*, 153 Misc. 493.)

I am unable to embrace the distinction etched by the plaintiffs, that the tax in the *Gautier* case was one upon real estate, whilst the present covers sales. I cannot subscribe to the doctrine that although the city of New York has power to tax real estate to defray the ordinary expenses of the city government, it is impotent to tax sales of commodities to save its citizens from starvation. The Constitution would be a hindrance rather than a help if it restrained a municipality from performing the indispensable and imperative function of according relief to those in dire need. It is no adequate or valid answer to retort that such relief can flow directly from the Legislature and should not emanate indirectly from the Legislature through the local government. The enabling act was a recognition by the Legislature — and the Constitution permits the recognition — that large urban communities, such as New York city, are possessed of problems which do not infest or attach to smaller communities. More, it was a declaration of governmental policy that it is to the best interest of the people of such larger communities that their problems be resolved by the city, rather than by the State. That the local governing body is closer to the situation and thus better able to cope with it is self-evident. The Home Rule Amendment has written this truism into the State Constitution.

The plaint of these plaintiffs is that they are being illegally taxed for their telephone service. Their grievance is understandable; their aversion to the tax commands sympathy. But this is not the forum to deal with the wisdom of the tax as a policy of government or economics. Our concern is with the *right* to tax, not with the query of whether or how the power should be exercised. The responsibility for determining the fairness of the tax rests with its fabricators. No tax is popular, except perhaps with those not directly touched by it. But an unpopular or even an unwise tax is no test of its legality. (*Genet* v. *City of Brooklyn*, 99 N. Y. 296.)

I hold the challenged law valid and, therefore, dismiss the complaint.